Mr. Justice Trotter
delivered the opinion of the court.
A judgment was obtained by the defendants in error against George Finncane, who sued out a writ of error, and the plaintiff in error, Moss, became his surety in the bond. This judgment was affirmed by the appellate court, and judgment rendered against the original defendant, and Moss as his surety. A ji. fa. issued on the last judgment, which was levied on the property of Finncane, who gave to the sheriff a forthcoming bond, in which Moss joined. On the forfeiture of the bond, another ft. fa. issued, which the sheriff was about to levy on the property of Moss the plaintiff in error, who applied for and obtained a supersedeas on the ground that he was but a surety, and that Finncane his principal, had sufficient property to pay *727 the debt, which he insisted should be first exhausted. On motion, the circuit court discharged the supersedeas, and thereupon the plaintiff brought the case up by writ of error.
By the bill of exceptions taken on the trial of the motion, it appears that no other testimony was introduced except the petition for the supersedeas, the original writ, declaration, and note, the judgment against Finncane, the appeal bond, the affirmance of judgment, the execution which thereupon issued the forthcoming bond, and the execution thereon, and without further showing the supersedeas was discharged : the question is whether on this state of case, the decision of the court was correct.
Everything introduced was admissible as testimony, unless it was the petition; and whether that was strictly so or not, still it was sufficient to aid in making out a prima facie case, and if such a case was made out, the court of course erred in discharging the supersedeas, without rebutting testimony. If on the motion the court regarded the petition as a part of the testimony, as it seems to have done, then the motion should have been overruled, since it is clear, according to the showing made, that Moss was entitled to the supersedeas.
By the statute it is provided that where execution shall issue against principal and surety, in any bill, bond, note, or other instrument, the sheriff shall be authorized, and he is thereby required to levy on the property of the principal first, provided the surety make oath that he is only surety in such bill, bond, note, or other instrument. As to the object of this statute, there can be no doubt, it speaks plainly its meaning. It was intended to exempt the surety so long as his principal had property enough to pay the debt. When this can be done without impairing the rights of the creditor it would comport with justice, even if there was no statute on the subject. In the petition which was used as evidence, it is stated that Finn-cane had property liable to the execution sufficient to satisfy it, which was pointed out to the sheriff. The petition was verified by oath, and there was no testimony introduced to disprove it, and supposing that the allegations therein were true, the duty *728 of the sheriff was plain if he had evidence that Moss, although originally but a surety, had become principal by joining in the forthcoming bond; that there was no affidavit filed of his suretyship; and that at all events the sheriff was the exclusive judge whether the property pointed out was liable to the execution or not. To these propositions we cannot accede. The whole transaction, from beginning to end, was recited in theJi.fa. By this recital it appeared that the original judgment was against Finncane only; that he took the case up by writ of error, and that Moss became his surety in the bond, and that in the capacity of surety, judgment was rendered against him by the appellate court. There is no difficulty in tracing the nature of his liability throughout; the record proves it, and the giving of the forthcoming bond did not as between him and the defendants in error, change the nature of his liability. It was strictly an undertaking for another, without any benefit to Moss, either in the original or secondary contract. His case falls precisely within the true object and moaning of the statute. There was no such change of contract as to bring the case within the authorities cited by counsel; nor was an affidavit necessary to show that he was only secondarily liable. That fact appeared on the face of the execution. The object of the affidavit is to furnish evidence of suretyship; in this instance it was shown by better testimony ; by testimony which admitted of no contradiction. It is also evident that the sheriff is not to be the exclusive judge, whether the property is liable to the execution or not. By the statute, important rights are secured, and it does notin express terms, and it certainly does not by implication, clothe the sheriff with any such authority, as that claimed for him. Tf the sheriff is to be the exclusive judge whether the property is subject to the levy, then the statute leaves the matter exactly where it was before, to wit; at the discretion of the sheriff, for if he be the exclusive judge, and does not choose to make the levy, there is of course no other alternative but submission to his will. If the property be not liable, that is a question which must be decided by the competent tribunal. The statute is peremptory, that the sheriff shall levy on the *729 property of the principal. A law never gives a positive and unqualified direction to an officer, and at the same time makes him the judge of whether he will discharge the duty or not; this would involve a contradiction, and so to construe it would necessarily defeat the law. It was averred in the petition that the property of Finncane was not only liable but sufficient to satisfy the debt, and these averments were undenied. No inquiry was instituted into the merits, and whatever they .may turn out to be on investigation, we do not think the supersedeas should have been discharged on a mere motion supported by .no other testimony than that which the record presents. It was like deciding the case on demurrer to evidence admitting everything to be true, but denying the legal sufficiency of the whole, whereas if the petition and other matters of evidence referred to were all true, the decision should have been the other way.
The judgment must be reversed and cause remanded.